**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------
**IN RE:**

**PARKER BUILDING, LLC,**     Bk. No. 11-12900
                              Chapter 11

                **Debtor.**
---------------------------------------------------------------------------

## MOTION FOR ORDER AUTHORIZING
## USE OF CASH COLLATERAL

The application of O'Connell & Aronowitz, PC, for an Order authorizing use of cash collateral pursuant to 11 U.S.C. 363 (c) in this Chapter 11 case, respectfully represents:

1. On September 16, 2011, the debtor filed its voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, thereby commencing this case.

2. The debtor owns real estate containing 23 hotel rooms and a tavern and restaurant.

3. Debtor has a loan secured by a first lien on its real estate (subordinate only to unpaid real property taxes) with First Niagara Bank ("FNB") with an unpaid balance of approximately $762,000 as of the date of filing of its petition for relief on September 16, 2011. Additionally, there are real property taxes encumbering the property in the approximate amount of $185,000.

4. There are also subordinate real property liens held by Empire State Certified Development Corporation ("ESCDC"), and Schenectady Metroplex ("Metroplex"), however based upon the value of the debtor's real property, it is reasonably believed that neither mortgage lien reaches any collateral value and are thus unsecured.

5. FNB had scheduled a sale of the premises in foreclosure which motivated the debtor to seek relief in this forum.

6. As adequate protection for the debtor's use of cash proceeds generated from its real property, the debtor proposes to pay FNB post petition on the outstanding mortgage obligation

by paying the interest that accrues monthly, while continuing to timely pay its real estate taxes and insurance. Thus, if the Court grants the debtor's instant application, FNB's position will not erode from that which existed on the date of filing.

7. Collectively attached hereto as Exhibit "A" are copies of the debtor's current budget and future revenue projections. The Parker Inn is the operating entity of debtor's facility and at the present time, the primary source of revenue to the debtor. Other rental revenue goes directly to the debtor. The debtor is actively seeking a tenant to operate the restaurant and lounge in the facility, but as of the date of this application there is no proposed lease from a tenant to have considered by this court.

8. The debtor has been approached by a major hotel operation to convert its facilities into an extended stay premises that will allow the debtor to return to profitability. In order to accomplish this, the debtor has also made an application to lease a portion of the real estate pursuant to 11 U.S.C. 363 (b). The proposed lease in connection with the conversion of the debtor's real estate into an extended stay premises is attached to the debtor's application to authorize the lease.

9. As can be seen from the debtor's budget and future revenue projections, it is necessary for this Court to approve the debtor's proposed interest only payment to FNB to enable the debtor to continue in operation and rehabilitation of its business in its reorganization efforts.

10. Without the permitted use of cash collateral, the debtor is unable to conduct its business and would have to convert its case to one under Chapter 7 immediately.

11. FNB has not consented to the use of cash collateral requested herein.

**WHEREFORE,** applicant prays for an Order pursuant to §363(c) of Title 11, United States Code authorizing the Debtor to make use of cash collateral, together with such other, further and different relief as to the Court may appear just and proper.

Dated: September 16, 2011	*/s/Richard H. Weiskopf*
	Richard H. Weiskopf, Esq.
	**O'Connell & Aronowitz, PC**
	Attorneys for Debtor
	Office & P.O. Address
	54 State Street – 9th Floor
	Albany, NY  12207
	(518) 462-5601